```
RECEIVED    UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF ALABAMA
                     EASTERN DIVISION
2017 AUG 31  P 12: 54
```

|  |  |  |
|---|---|---|
| BENJAMIN SHANE FOSTER, | ) | 3:17-cv-670-WKW |
| petitioner. | ) |  |
|  | ) | 3:07CR150-MHT |
| v. | ) |  |
|  | ) | Nunc Pro Tunc |
| UNITED STATES OF AMERICA, | ) |  |
| respondent. | ) | Amendment to Sentence. |
|  | ) |  |

                    MOTION TO CLARIFY SENTENCE

   In equity petitioner seeks this Honorable Court to clarify its intent by order of Nunc Pro Tunc amendment.

   Knowledge of this case follows:

5/12/08 Petitioner transferred from State of Alabama custody, where State charges pending, and put into federal custody.

8/20/08 This court ordered imprisonment for the imposition of penalty upon petitioner, and returned on 9/16/08.

10/28/08  State of Alabama sentences imposition of penalty upon petitioner and state court orders its sentence to run concurrently with all other sentences.

6/17/11 Petitioner served for the State's imposition, and was then surrendered into the custody of U.S. Marshalls.

4/30/14  Petitioner is in federal custody and BOP states that the Federal sentence will begin on 8/20/08 through Administrative Remedy, but leaves the date computation began as 6/17/11 and credited zero days prior credit time.

   Petitioner truly believed that both this court and the State court sentenced the orders of imposition to run in a concurrent time frame.

Petitioner diligently reviewing the matter discovered correlation to 18 U.S.C. §3585(b) and BOP PS §5160.05. The phraseology between them revealed necessity for language to make clear the intent in this courts order.

In 18 U.S.C. §3585(b), Defendant shall be given credit... "as a result"... for which the sentence was imposed;...that has not been credited against another sentence.

In the ambiguity, where any credit given to a service spent in official detention prior to the date the sentence commences - yet "as a result" and "for which the sentence was imposed" is wording that, by rule of law, allows this court to sentence its order of imposition to run concurrent with those of the state.

Since imprisonment to pay the penalty is by equitable nature, of this courts equity power, to make clear intent of this courts order is necessity of doing equity. Where equity follows rule of law, statements to concern "concurrent service of Federal Imposition, this court can order an entry "Nunc Pro Tunc" to amend the sentencing using language similar to PS §5160.05(9b.1).

This courts power to correct itself rests upon the maxim "actus curiae nemihan gravabit", and equity will not suffer right or wrong to exist without equity.

Petitioner comes in belief that this court will make clear its intent and delight in equity for doing this amicable adjustment.

Wherefore, through all disclosed herein written, the petitioner prays for this Honorable Court to make clear its intent to whether or not its order of imposition was to run concurrent with those of the State accordingly to statement in PS §5160.05(10b.7).

Respectfully submitted on this 25 day of August 2017.

*[signature]*

Benjamin Shane Foster, pro se
Reg. No. 12258-002
Federal Correctional Institution
P.O. Box 7007
Marianna, FL 32447-7007

## Certificate of Service

I, _Benjamin Foster_, hereby certify under the penalty of perjury pursuant to Title 28 U.S.C. Section 1746 that a true and correct copy of the foregoing motion was served on the below party with affixed first-class postage and deposited in the Federal Bureau of Prisons legal mail-box system in a sealed envelop.[1]

Executed on this _25_ day of _August_; _2017_.

_____
Pro se Litigant

Federal Correction Institution
Post Office Box 7007
Marianna, FL 32447
Phone (850)526-2313
www.fbop.gov/

⇔12258-002⇔
Office Of The U S Attorney
131 Clayton ST
Montgomery, AL 36104
United States

---

[1] When a prisoner delivers legal mail to prison officials by depositing it in the legal mailing system "*legal mail-box*", it is deemed filed at that time to the Court. *See Houston v. Lack*, 101 L. Ed 2d 245 (1988)