IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN SHANE FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:17-CV-670-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil action was opened because Benjamin Shane Foster (a federal inmate confined at the Marianna Federal Correctional Institution in Marianna, Florida) filed a motion (Doc. # 2) in his criminal case seeking relief that can be granted only through a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Foster v. United States*, No. 3:07-CR-150-MHT (M.D. Ala. Aug. 31, 2017) ECF No. 83. That motion was construed as a petition for such a writ, stricken from his criminal case, and docketed in this civil action. (*See* Doc. # 1.) Mr. Foster has since filed a motion to amend his petition to change the relief he seeks (Doc. # 5), which he supplemented in response to an order entered by the Magistrate Judge (Doc. # 7). Because the relief he now seeks can be granted only in his criminal case and not in this action, this action is due to be dismissed, and Mr. Foster's motion to amend (along with the response he filed to supplement it) will be docketed in his criminal case.

In his petition, Mr. Foster represents that he was sentenced to a term of imprisonment by this court in *Foster v. United States*, No. 3:07-CR-150-MHT (M.D. Ala.), on August 20, 2008, and then subsequently sentenced to a term of imprisonment by an Alabama state court on October 28, 2008. (Doc. # 2, at 1.) He apparently served his state-court sentence first and finished serving that sentence on or about June 17, 2011, at which point he was delivered into federal custody. (Doc. # 2, at 1.) Mr. Foster expected to receive credit toward his federal sentence for the time he served on his state sentence because he "truly believed that both this court and the State court" ordered his sentences "to run in a concurrent time frame." (Doc. # 2, at 1.)

But according to Mr. Foster, the Federal Bureau of Prisons has not credited the time he served on his state sentence toward his federal sentence. His petition suggests that the BOP initially determined that he began serving his federal sentence on June 17, 2011 (the day he was delivered into federal custody) but later conceded that he began serving his federal sentence on August 20, 2008 (the day that sentence was imposed) after he successfully appealed the BOP's initial determination through the BOP's Administrative Remedy Program. Mr. Foster asserts that, despite its concession, the BOP still has not credited the time he served on his state sentence toward his federal sentence. That led him to file a Motion to Clarify Sentence in his criminal case before this court, *Foster v. United States*, No. 3:07-CR-150-MHT

(M.D. Ala. Aug. 31, 2017) ECF No. 83, which is now before this court as a petition for a writ of habeas corpus in this action.

A few months after this action was opened, Plaintiff filed a motion to amend his petition to request that this court issue a recommendation to the BOP for retroactive designation of a state facility for service of his federal sentence. (Doc. # 5.) He attached to his motion an order issued by the United States District Court for the Northern District of Florida in *United States v. Anderson*, No. 4:12cr59-RH-CAS (N.D. Fla.). (Doc. # 5, at 2–11.) In that order, the *Anderson* court found that a motion for the type of relief Mr. Foster requests in his motion to amend should be addressed by the sentencing court in the original criminal case instead of in a separate habeas action. *Anderson*, No. 4:12cr59-RH/CAS, slip op. at 8 (N.D. Fla. Nov. 29, 2017).

Upon consideration of Mr. Foster's motion to amend, this court issued an order requiring him to indicate "whether he seeks to proceed only on his request for this court to issue a recommendation to the BOP regarding retroactive designation of a state facility for service of the federal sentence imposed by this court, a request which could proceed before this court in his criminal case." (Doc. # 6, at 3.) Mr. Foster filed a response to that order advising that he "seek[s] for this Court to proceed only upon [his] request for an issuance of a *recommendation* to the Bureau of Prisons for Retroactive Designation." (Doc. # 7, at 1.) As the *Anderson* court found, a

request for such relief is not proper for review in a 28 U.S.C. § 2241 petition. Instead, Mr. Foster's request for such relief should be presented to the court in Mr. Foster's criminal case.

In short, Mr. Foster has to go back to where he started: The relief he originally sought in his criminal case can be granted only in a civil action like this one, but the relief he now seeks can be granted only in his criminal case. Accordingly, it is ORDERED as follows:

1. The motion to amend (Doc. # 5) is GRANTED only to the extent it identifies the relief Mr. Foster now seeks;

2. The original documents containing the motion to amend (Doc. # 5) and the response Mr. Foster filed on January 18, 2018 (Doc. # 7) will be filed in *United States v. Foster*, No. 3:07-CR-150-MHT (M.D. Ala.), and identified in that case as a request for issuance of a recommendation to the BOP for retroactive designation of a state facility for service of his federal sentence;

3. The instant 28 U.S.C. § 2241 petition for habeas corpus relief (Doc. # 2) is DENIED because Mr. Foster no longer seeks relief appropriate in such a petition; and

4. This case is DISMISSED with prejudice.

A final judgment will be entered separately.

DONE this 12th day of June, 2018.

                                                      /s/ W. Keith Watkins
                                      CHIEF UNITED STATES DISTRICT JUDGE